UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

JAMES KENNETH FLOYD,

Petitioner,

v.

WARDEN BACA, *et al.*,

Respondents.

Case No. 3:17-cv-00400-MMD-WGC

ORDER

This *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Nevada state prisoner James Kenneth Floyd ("Floyd") is before the Court on Respondents' motion to dismiss several grounds (ECF No. 7). The Court has also reviewed Floyd's response (ECF No. 10), and Respondents' reply (ECF No. 11).

## I. Procedural History and Background

On March 20, 2014, Floyd pleaded guilty to the following counts: (1) burglary; (2) possession of stolen property; and (3) conspiracy to commit possession of stolen property. (*See* ECF No. 8-9.) The state district court sentenced Floyd as follows: count 1, 48 to 120 months; count 2, 12 to 120 months consecutive to count 1; and count 3, 364 days in the Clark County Detention Center concurrent with count 2. (*See* ECF No. 8-10.) The judgment of conviction was filed on May 23, 2014. (*See* ECF No. 8-11.) Floyd did not file a direct appeal.

On February 4, 2015, Floyd filed his *pro se* petition for writ of habeas corpus. (ECF No. 8-18.) The state district court granted his motion to appoint counsel, and he filed a supplemental petition with the assistance of counsel. (*See* ECF No. 8-18, 8-19, 8-24.) The state district court held a hearing and denied Floyd's petition on the merits. (*See* ECF

No. 8-30, 9-32.) The Nevada Court of Appeals affirmed the denial of the petition on April 19, 2017, and remittitur issued on May 17, 2017. (*See* ECF No. 9-13, 9-14.)

Floyd dispatched his federal habeas petition for filing on or about June 11, 2017. (*See* ECF No. 4 at 9.) Respondents now argue that several grounds are subject to dismissal as unexhausted or noncognizable in federal habeas corpus. (*See* ECF No. 7.)

**II. Discussion**

    **a. Guilty Plea and Federally Cognizable Claims**

In *Tollett v. Henderson*, 411 U.S. 258, 267 (1973), the United States Supreme Court held that "when a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." A petitioner may only attack the voluntary and intelligent character of the guilty plea. *See id*. When a petitioner has entered a guilty plea then subsequently seeks to claim his counsel rendered ineffective assistance, such claim is limited to the allegation that defense counsel was ineffective in advising petitioner to plead guilty. *See Fairbank v. Ayers*, 650 F.3d 1243, 1254–1255 (9th Cir. 2011) (citing *Tollett*, 411 U.S. at 266–267, and explaining that because a guilty plea precludes a claim of constitutional violations prior to the plea, the petitioner's sole avenue for relief is demonstrating that advice of counsel to plead guilty was deficient); *see also Lambert v. Blodgett*, 393 F.3d 943, 979 (9th Cir. 2004).

    **i. Grounds 1(d) and 1(f)**

Respondents argue that the ineffective assistance of counsel claims in grounds 1(d) and 1(f) are barred under *Tollett*. (*See* ECF No. 7 at 6-7.) Floyd argues that trial counsel was ineffective for failing to obtain a mental health evaluation (ground 1(d)) and for failing to raise any objections between his arrest and his subsequent sentencing (ground 1(f)). (*See* ECF No. 4 at 4-5.)

The Court agrees with Respondents that ground 1(f) alleges a pre-plea constitutional violation and is foreclosed by *Tollett*. Accordingly, ground 1(f) is dismissed.

2

However, ground 1(d) is a claim that could have impacted whether Floyd entered his guilty plea knowingly and voluntarily. Therefore, it is not subject to dismissal pursuant to *Tollett*.

### b. Exhaustion

A federal court will not grant a state prisoner' petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *See Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir. 1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court for the claims to be considered exhausted. *See Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276). To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights. *Duncan*, 513 U.S. at 365; *see also Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose*, 455 U.S. at 520). "[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala*, 195 F.3d at 1106 (citations

3

omitted). However, citation to state caselaw that applies federal constitutional principles will suffice. *See Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (*en banc*).

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *See Bland v. Cal. Dep't of Corrections*, 20 F.3d 1469, 1473 (9th Cir. 1994). The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the same theory. *See Nevius v. Sumner*, 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v. Sumner*, 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff*, 582 F. Supp. 455, 458 (D. Nev. 1984).

    **i.   Ground 1**

Respondents argue that most subparts of federal ground 1 as well as federal ground 2 are unexhausted. (*See* ECF No. 7 at 4-5.) The court has dismissed ground 1(f) under *Tollett*. In the remaining subparts of ground 1, Floyd asserts the following ineffective assistance of trial counsel ("IAC") claims: (a) counsel failed to inform Floyd of the consequences of his guilty plea, did not allow him sufficient time to review the guilty plea agreement, and pressured Floyd into signing the agreement; (b) counsel provided incorrect information at sentencing regarding Floyd's substance abuse history; (c) counsel failed to ensure Floyd had an opportunity to review his presentence investigation report ("PSI") prior to sentencing and only provided the PSI to Floyd after sentencing; (d) counsel failed to obtain a mental health evaluation; and (e) counsel failed to point out that the PSI provided incorrect information regarding Floyd's substance abuse history.[1] (*See* ECF No. 4 at 4-5.)

In his appeal of the denial of his state postconviction petition, Floyd raised the following claims of IAC: (1) counsel failed to explain the direct consequences of the guilty plea agreement, did not allow Floyd sufficient time to review the agreement, and

---

[1]The Court adopts Respondents' separation of ground 1 into these 6 subparts for convenience.

4

pressured Floyd into signing it; and (2) counsel provided incorrect information regarding Floyd's criminal history at sentencing, and did not give Floyd the opportunity to review the PSI. (*See* ECF No. 9-9 at 14-22.)

Thus, Floyd raised what are now federal grounds 1(a) and 1(c) to the Nevada Court of Appeals. Those grounds are, therefore, exhausted. He did not present grounds 1(b), 1(d), and 1(e) to the Nevada Court of Appeals, and thus they are unexhausted.

### ii. Ground 2

Floyd argues that his sentence is excessive in violation of his Eighth Amendment right to be free from cruel and unusual punishment. (*See* ECF No. 4 at 7.) Respondents point out that Floyd did not file a direct appeal, and therefore, did not exhaust any claims on direct appeal. Nor did Floyd raise this claim in his state habeas proceedings. (*See* ECF No. 9-9.)[2] Accordingly, ground 2 is unexhausted.

## III. Floyd's Options Regarding Unexhausted Claims

A federal court may not entertain a habeas petition unless the petitioner has exhausted available and adequate state court remedies with respect to all claims in the petition. *See Rose*, 455 U.S. at 510. A "mixed" petition containing both exhausted and unexhausted claims is subject to dismissal. *Id.* Here, the Court finds that ground 1(f) is dismissed as noncognizable on federal habeas review and grounds 1(b), 1(d), 1(e), and ground 2 are unexhausted. Because the Court finds that the petition contains unexhausted claims, Floyd has these options:

    1.    He may submit a sworn declaration voluntarily abandoning the unexhausted claims in his federal habeas petition, and proceed only on the exhausted claims;

    2.    He may return to state court to exhaust his unexhausted claims, in which case his federal habeas petition will be denied without prejudice; or

    3.    He may file a motion asking this court to stay and abey his exhausted federal habeas claims while he returns to state court to exhaust his unexhausted claims.

---

[2] *See also supra* the Court's discussion of ground 1.

5

With respect to the third option, a district court has discretion to stay a petition that it may validly consider on the merits.

See *Rhines v. Weber*, 544 U.S. 269, 276, (2005). However, the *Rhines* Court further stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Rhines*, 544 U.S. at 277.

If Floyd wishes to ask for a stay, he must file a motion for stay and abeyance in which he demonstrates good cause for his failure to exhaust his unexhausted claims in state court, and present argument regarding the question of whether or not his unexhausted claims are plainly meritless. Respondents would then be granted an opportunity to respond, and Floyd to reply. Or Floyd may file a declaration voluntarily abandoning his unexhausted claims, as described above.

Floyd's failure to choose any of the three options listed above, or seek other appropriate relief from this Court, will result in the dismissal of his federal habeas petition. Floyd is advised to familiarize himself with the limitations periods for filing federal habeas petitions contained in 28 U.S.C. § 2244(d), as those limitations periods may have a direct and substantial effect on whatever choice he makes regarding his petition.

**IV.     Unsigned Declaration**

Finally, Respondents note that Floyd did not sign the Declaration Under Penalty of Perjury at the end of the form petition, as required by Rule 2(c) of the Rules Governing Habeas Cases. (ECF No. 7 at 7.) The Court will give Floyd the opportunity to correct this defect. Accordingly, within 30 days of this order, Floyd shall file a corrected petition that bears his signature in both required places on the final page of the form petition (page 9

6

of the form). The Clerk of Court will send Floyd a copy of his petition. Floyd shall not make any other changes to the petition without first seeking and obtaining leave of this Court.

## V. Conclusion

It is therefore ordered that Respondents' motion to dismiss (ECF No. 7) is granted in part as follows: ground 1(f) is dismissed; grounds 1(b), 1(d), 1(e), and ground 2 are unexhausted.

It is further ordered that Floyd shall have thirty (30) days to either: (1) inform this Court in a sworn declaration that he wishes to formally and forever abandon the unexhausted grounds for relief in his federal habeas petition and proceed on the exhausted grounds; or (2) inform this Court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted claims; or (3) file a motion for a stay and abeyance, asking this Court to hold his exhausted claims in abeyance while he returns to state court to exhaust his unexhausted claims. If Floyd chooses to file a motion for a stay and abeyance, or seek other appropriate relief, Respondents may respond to such motion as provided in Local Rule 7-2.

It is further ordered that if Floyd elects to abandon his unexhausted grounds, Respondents shall have thirty (30) days from the date Floyd serves his declaration of abandonment in which to file an answer to Floyd remaining grounds for relief. The answer shall contain all substantive and procedural arguments as to all surviving grounds of the petition, and shall comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. § 2254.

It is further ordered that Floyd shall have thirty (30) days following service of Respondents' answer in which to file a reply.

It is further ordered that if Floyd fails to respond to this order within the time permitted, this case may be dismissed.

1        It is further ordered that the Clerk shall send to Floyd one copy of the petition. (*See*
2 ECF No. 4 at 1-10.)
3        It is further ordered that, within 30 days of the date of this order, Floyd shall file a
4 corrected petition, with the required signatures on page 9, in conformance with this order.

7 DATED THIS 10 September 2018.

                                                    MIRANDA M. DU
                                                    UNITED STATES DISTRICT JUDGE